IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| | § | CASE NO. 4:10CR65 |
| v. | § § | |
| GEARY MILLS | § | |

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
DENYING DEFENDANT'S MOTION TO SUPPRESS**

This matter having been referred by the Honorable Richard A. Schell, the Court has considered Defendant Geary Mills' Motion to Suppress Evidence (Dkt. 170). After considering the evidence presented and the arguments of counsel at the September 22, 2010 hearing, the Court finds that the motion should be DENIED.

Defendant has asked the Court to suppress any and all evidence seized from his vehicle and person on March 15, 2010. Defendant also seeks to suppress any statements he made to law enforcement on March 15, 2010.

In response, the Government argues that the search of the vehicle was permissible because it was based on probable cause. The Government further argues that Defendant was administered his *Miranda* warnings and waived them, making his statements to law enforcement admissible against him.

### EVIDENCE PRESENTED

At the hearing, the Government offered testimony of Special Agent Paul Maurizio with the United States Drug Enforcement Administration (DEA). The Government also offered audiotapes

and transcripts of audiotapes of conversations between Defendant and a confidential informant. Defendant offered no testimony or evidence in support of his position.

At the hearing, Agent Maurizio testified that he was involved in a lengthy investigation with the Plano Police Department of a drug trafficking organization suspected of trafficking MDMA tablets in the Eastern District of Texas. After arrest warrants were issued, several members of the alleged conspiracy were arrested and agreed to cooperate with law enforcement officials in their continued investigation of illegal drug activity.

Agent Maurizio testified that Lamon Donnell, also a defendant in this case, was arrested pursuant to a warrant at a movie theater in Dallas, Texas. At the time of his arrest, Donnell had 372 grams of MDMA in his possession. Donnell also agreed to cooperate with law enforcement and apparently informed Maurizio that he sold approximately 10,000 MDMA tablets each week to a many named "Geary" and that he was supposed to deliver 6,000 MDMA tablets to "Geary" that night. Donnell – in cooperation with the investigation by law enforcement – arranged for "Geary" to meet him at the movie theater for the purported transaction. "Geary" has since been identified as the Defendant here, Geary Mills.

The Government offered two recordings of conversations between Donnell and Defendant arranging for the meeting in the parking lot. While neither of the tapes specifically reference the purchase of MDMA tablets, they also do not indicate any other purpose for the meeting in a movie theater parking lot at approximately 9:30 at night.[1]

---

[1] It does not appear to the Court that the purpose of the meeting was to see a movie as the original proposed meeting spot was a nearby Best Buy location.

Agent Maurizio testified that Defendant was taken into custody when his car was identified in the parking lot. According to Maurizio, a pistol was removed from his waistband and a little less than $20,000 in cash was found in a backpack in the back seat or trunk of his car.

Maurizio then testified that Defendant was administered his *Miranda* rights and waived them knowingly and voluntarily. According to Maurizio, the waiver was orally made after officers read the rights off a pre-printed card. After Defendant was read and waived his *Miranda* rights, he told Maurizio that the purpose of meeting Donnell in the parking lot was so that he could purchase 3,000 MDMA tablets from him.

Defendant now seeks to suppress the gun, currency, and statements made to law enforcement.

## ANALYSIS

Defendant argues that the search of his car violated his rights under the Fourth Amendment. "The automobile exception to the Fourth Amendment's warrant requirement permits authorities to search a vehicle when they have probable cause to believe it contains contraband." *United States v. Saucedo-Munoz,* 307 F.3d 344, 351 (5th Cir. 2002). Whether probable cause exists requires a "practical, common-sense" determination of whether the circumstances, including information obtained from an informant, establish "a fair probability that contraband or evidence of a crime will be found in a particular place." *United States v. Reyes,* 792 F.2d 536, 539 (5th Cir. 1986) (internal quotation marks and citation omitted). The court must look to the totality of the circumstances to determine whether there was probable cause that a vehicle contained contraband. *U.S. v. Fields*, 456 F.3d 519, 523 (5th Cir. 2006) (citing *Illinois v. Gates,* 462 U.S. 213, 230-31, 103 S. Ct. 2317, 76 L. Ed.2d 527 (1983)). As the Fifth Circuit has recently explained:

> It is well-settled that probable cause to search an automobile exists when trustworthy facts and circumstances within the officer's personal knowledge

> would cause a reasonably prudent man to believe that the vehicle contains contraband. Probable cause determinations are not to be made on the basis of factors considered in isolation, but rather on the totality of the circumstances. A police officer may draw inferences based on his own experience in deciding whether probable cause exists, including inferences that might well elude an untrained person. Proof of probable cause requires less evidence than proof beyond a reasonable doubt-but more than bare suspicion.

*U.S. v. Banuelos-Romero*, 597 F.3d 763, 767 -768 (5th Cir. 2010) (internal citations and quotations omitted).

In this case, the Government has argued that the officers had probable cause to believe Mills' vehicle contained contraband. The Court agrees.

Defendant's car was searched after information from Donnell – a known seller of MDMA – indicated that the vehicle would contain evidence of a drug transaction. The investigation leading up to Donnell's arrest was lengthy and formed the basis of arrest warrants issued by a federal magistrate judge. The fact that Donnell had no past history as an informant does not necessarily make him an unreliable source. *U.S. v. Steele*, 353 Fed. Appx. 908, 910, 2009 WL 4039444, 2 (5th Cir. 2009) ("Although the informant in this case was a first-time informant, she earned Officer White's trust by identifying multiple drug dealers that Officer White already knew. In addition, the informant admitted to purchasing cocaine from Steele, an admission against penal interest. Both of these factors added to the informant's credibility."). First, the information he provided about Defendant was against his penal interest, a fact which, while not determinative of probable cause, weighs in favor of the trustworthiness of the information provided. *See, e.g. ,U.S. v. Ashley*, 569 F.2d 975, 982 (5th Cir. 1978) ("such an admission is one of many cumulating factors to be considered" in determining probable cause). Additionally, Agent Maurizio testified that when

Donnell was arrested, he cooperated with law enforcement and confirmed all of the information that the investigation had determined. Agent Maurizio is an experienced law enforcement officers with six and half years of employment with the DEA and more than 16 weeks of training in narcotics investigation; such experience supports his determination that Mills would have contraband in his car. *U.S. v. Hearn*, 563 F.3d 95, 103 (5th Cir. 2009) (noting that a police officer may draw inferences that might elude an untrained person based on his own experience in deciding whether probable cause exists).

In light of all of the circumstances and facts before Agent Maurizio on the evening of March 15, 2010, the Court finds that such information would cause a reasonably prudent person to believe that Mills' car would contain evidence of a drug transaction. The Court further agrees that the currency found was an instrumentality of the crime as it's apparent purpose was to purchase a large amount of MDMA pills for distribution and was sufficient for Defendant's arrest. Having considered the evidence presented, the Court finds that the totality of the facts presented indicate that the search of the vehicle here was made with probable cause.

To the extent Defendant's motion seeks suppression of Defendant's statements after he was arrested, the Court finds that there is no basis to suppress such statements. In order for the Government to introduce Defendant's statements, it generally must prove that the accused voluntarily, knowingly and intelligently waived his *Miranda* rights. *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed.2d 694 (1966). To prove a valid waiver, the Government must show that the relinquishment of the defendant's rights was voluntary and that the defendant was fully aware that the right was being waived and the consequences of waiving that right. *Id.*

At the hearing, Agent Maurizio testified that Defendant was administered his *Miranda* warnings. Defendant did not offer any evidence or testimony to the contrary. Having heard the testimony presented, the Court finds that Defendant made a knowing and voluntary waiver of his *Miranda* rights and was not coerced or threatened by law enforcement officers to do so. Therefore, his statements regarding his reason for visiting the movie theater parking lot should not be suppressed.

In light of all the evidence presented and the governing authorities, the Court finds there is no basis to suppress the discovery of the items discovered in Mills' car or his statements to law enforcement and that Defendant Geary Mills' Motion to Suppress Evidence (Dkt. 170) should be DENIED.

Any party may serve and file written objections to the findings and recommendations of the magistrate judge within fourteen days.

Failure to file written objections to the proposed findings and recommendations contained in this report by the deadline shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 8th day of October, 2010.**

DON D. BUSH
UNITED STATES MAGISTRATE JUDGE